SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**Amada Sanjuan v. School District of West New York** **(A-45-22) (087515)**

**Argued November 29, 2023 -- Decided February 12, 2024**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether N.J.S.A. 18A:6-16 limits an arbitrator's discretion to penalize conduct under the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1.

Defendant, the Board of Education for the Town of West New York Public Schools (the Board), hired plaintiff Amada Sanjuan as a teacher in the early 1990s. In 2019, the Board appointed Sanjuan assistant principal of Memorial High School. She acquired tenure both as a teacher and as an assistant principal.

In August 2020, the Board certified tenure charges against Sanjuan for conduct unbecoming. Sanjuan reported that she fell down a staircase at the school after reaching to pick up a piece of paper, but security footage showed that after Sanjuan fell, she reached into her pocketbook, took out a piece of paper, set it down in the middle of the staircase, and then resumed her position on the floor. Pursuant to N.J.S.A. 18A:6-16, the Commissioner of Education deemed the charges "sufficient to warrant dismissal or reduction in salary of the person charged" and referred the case to an arbitrator.

The arbitrator concluded that the limited scope of the incident and Sanjuan's long service with the public school district as a teacher warranted a demotion, not termination. He terminated her tenured administrative position but allowed Sanjuan to retain her tenured teaching role. The arbitrator further concluded that Sanjuan's "failure to take ownership" of her misdeed "warrants that her reinstatement . . . be without backpay."

Sanjuan filed a verified complaint and order to show cause seeking to vacate the arbitration award and to be reinstated as a tenured administrator with backpay. The trial court confirmed the arbitration award. The Appellate Division vacated the trial court's order. 473 N.J. Super. 416, 429 (App. Div. 2022). The appellate court interpreted N.J.S.A. 18A:6-16 to allow sustained tenure charges to result only in termination or loss of salary and noted that "[n]owhere does the statute provide that

1

an employee can be demoted." Id. at 426. The Court granted certification. 254 N.J. 90 (2023).

**HELD:** N.J.S.A. 18A:6-16 provides the basis to refer a case to arbitration but does not limit an arbitrator's authority to impose penalties. The award here is reinstated.

1. The Court reviews the history of the TEHL from its enactment in 1967 through its amendment in 2012 via the Teacher Effectiveness and Accountability for the Children of New Jersey Act (TEACHNJ), N.J.S.A. 18A:6-117 to -129. TEACHNJ eliminated the agency review process of tenure charges in place under the TEHL and instead directed that contested cases be submitted to arbitration. N.J.S.A. 18A:6-16 provides that, if the Commissioner of Education finds that tenure charges are "sufficient to warrant dismissal or reduction in salary of the person charged, [the Commissioner] shall refer the case to an arbitrator." Although the TEACHNJ amendments to the TEHL changed the entity that makes the final determination in a case, it did not make any changes as to what could or should be the final determination. (pp. 10-13)

2. The Court clarifies the nature of the challenge to the arbitrator's award here and the standard governing its review of that award. (pp. 13-15)

3. N.J.S.A. 18A:6-16 sets forth the conditions under which a matter must be referred to arbitration by the Commissioner; it does not set forth, limit, or in any way address the penalties that may be imposed by an arbitrator to whom a matter is referred. The Legislature could have limited the possible penalties that a tenured employee could face under the amended TEHL but did not. Cases applying the TEHL have accordingly recognized the broad discretion to fashion an appropriate remedy when imposing a penalty for tenure charges. The Court reviews relevant examples. Because N.J.S.A. 18A:6-16 does not limit the possible penalties to reduction in salary and termination, and because there is no contractual agreement here that sets limits beyond those imposed by the TEHL, the Court finds that the arbitrator did not exceed his powers in demoting Sanjuan and instead correctly determined a penalty tailored to this case. In light of that holding, the Court does not reach whether the arbitrator would be estopped from reconsidering his decision about termination if that were the only available remedy. (pp. 15-20)

**REVERSED. The arbitrator's award is REINSTATED.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, and NORIEGA join in JUSTICE SOLOMON's opinion. JUSTICE FASCIALE did not participate.**

2

SUPREME COURT OF NEW JERSEY

A-45 September Term 2022

087515

Amada Sanjuan,

Plaintiff-Respondent,

v.

School District of West New York,
Hudson County,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
473 N.J. Super. 416 (App. Div. 2022).

| Argued | Decided |
|--------|---------|
| November 29, 2023 | February 12, 2024 |

Lester E. Taylor, III, argued the cause for appellant
(Taylor Law Group, attorneys; Lester E. Taylor, III and
David J. Kass, of counsel and on the briefs).

Evan L. Goldman argued the cause for respondent
(Goldman Davis Krumholz & Dillon, attorneys; Evan L.
Goldman, of counsel and on the briefs, and Kelly A.
Smith, on the briefs).

William P. Hannan argued the cause for amicus curiae
New Jersey Education Association (Oxfeld Cohen,
attorneys; William P. Hannan, of counsel and on the
brief).

Andrew L. Schwartz argued the cause for amicus curiae New Jersey Principals and Supervisors Association (Schwartz Law Group, attorneys; Andrew L. Schwartz and Jordan Shead, on the brief).

JUSTICE SOLOMON delivered the opinion of the Court.

When a school district files tenure charges against an employee, the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1, requires that the State Commissioner of Education refer the case to arbitration upon determining that the charges are "sufficient to warrant dismissal or reduction in salary of the person charged." N.J.S.A. 18A:6-16. This appeal requires that we determine the limits of an arbitrator's discretion to penalize conduct under the TEHL.

The Appellate Division determined that the language of N.J.S.A. 18A:6-16 constrains the arbitrator to impose only the penalties of dismissal or reduction in salary, not demotion. We disagree and hold that N.J.S.A. 18A:6-16 provides the basis to refer a case to arbitration but does not limit an arbitrator's authority to impose penalties.

I.

A.

Defendant, the Board of Education for the Town of West New York Public Schools (the Board), hired plaintiff Amada Sanjuan as a teacher in the

2

early 1990s. She acquired tenure for that position in 2001. In August 2019, the Board appointed Sanjuan assistant principal of Memorial High School, and she later acquired tenure for that role as well.

On February 12, 2020, Sanjuan attended an evening event at the school as part of her duties as assistant principal. At the event, on the way to meet parents in the cafeteria, Sanjuan fell down a staircase.

The following day, Kathleen Fradera, the Board's benefits coordinator, directed Sanjuan to fill out an illness and injury report. After speaking with Sanjuan, Fradera wrote: "The employee saw a piece of paper on the steps, and she slipped/lost her balance. She fell down the entire set of steps and landed on her back hitting her head on the concrete . . . ."

A school security camera captured Sanjuan's fall on video. The same day that Sanjuan filled out her report, the high school's principal and the assistant superintendent watched the security footage of the fall. The video showed that after Sanjuan fell, she reached into her pocketbook, took out a piece of paper, set it down in the middle of the staircase, and then resumed her position on the floor.

Two weeks later, Sanjuan and her union representative met with the assistant superintendent and the Board's administrative assistant to discuss the accident report and the possibility that it was false. Sanjuan repeated that she

fell after seeing a piece of paper on the staircase and reaching to pick it up. After being shown the security camera footage, Sanjuan claimed to be "just as surprised as everybody else." The Board thereafter placed Sanjuan on administrative leave.

B.

On August 31, 2020, the Board certified tenure charges against Sanjuan pursuant to N.J.S.A. 18A:6-10, suspended her without pay, and sought her dismissal for conduct unbecoming. The Commissioner then considered the charges filed, the relevant evidence, and Sanjuan's response. Pursuant to N.J.S.A. 18A:6-16, the Commissioner deemed the charges "sufficient to warrant dismissal or reduction in salary of the person charged" and referred the case to an arbitrator under N.J.S.A. 18A:6-17.1.

Following a virtual hearing, the arbitrator issued a written decision concluding that Sanjuan's "conduct justified a penalty," but one "less severe than" dismissal. In reaching that conclusion, the arbitrator considered the mitigating factors discussed in In re Fulcomer, 93 N.J. Super. 404, 421-22 (App. Div. 1967) (considering length of service, the harsh impact of dismissal on an individual's career, and a favorable teaching record), and determined that the limited scope of the incident and Sanjuan's long service with the public school district as a teacher warranted a demotion, not termination. As a

4

result, the arbitrator terminated her tenured administrative position but allowed Sanjuan to retain her tenured teaching role. The arbitrator further concluded that Sanjuan's "failure to take ownership" of her misdeed "warrants that her reinstatement . . . be without backpay."

C.

Sanjuan filed a verified complaint and order to show cause seeking to vacate the arbitration award and to be reinstated as a tenured administrator with backpay. The trial court denied plaintiff's order to show cause and confirmed the arbitration award, reasoning that N.J.S.A. 18A:28-5 "contemplates a remedy short of termination when it mentions 'reduction in compensation.'" Deriving guidance from this Court's decision in Linden Board of Education v. Linden Education Ass'n, 202 N.J. 268 (2010), the court determined that arbitrators are empowered to impose an alternate, fair punishment in the absence of just cause for termination. The court also affirmed the arbitrator's denial of back pay to Sanjuan because Sanjuan failed to show any "fraud, corruption, or similar wrongdoing on the part of the arbitrator" that would justify vacating the award under N.J.S.A. 2A:24-8.

Sanjuan appealed, arguing that the trial court erred in finding that the arbitrator had not exceeded his statutory authority by demoting her from tenured assistant principal to tenured teacher. The Appellate Division agreed,

vacated the trial court's order upholding the arbitrator's award, and remanded the matter to the arbitrator to issue a supplemental award limited to any further suspension without pay. Sanjuan v. Sch. Dist. of W. N.Y., 473 N.J. Super. 416, 429 (App. Div. 2022). The Appellate Division rejected the Board's request to remand the case to the arbitrator to reconsider Sanjuan's termination, stating that "[t]he arbitrator has already determined that Sanjuan should not be terminated; therefore, we discern no legal equitable basis to have him revisit that ruling." Ibid.

In vacating the arbitration award, the Appellate Division found that the plain language of N.J.S.A. 18A:6-10 and -16 does not grant an arbitrator the authority to impose demotion as a penalty. Id. at 425-26. The court reasoned that N.J.S.A. 18A:6-16 "provides that tenure charges that are sustained against a tenured teaching staff member can only result in termination or depriv[ation of] salary," and "[n]owhere does the statute provide that an employee can be demoted." Id. at 426.

The Appellate Division noted that it had "found no case law upholding the penalty of demoting a tenured teaching staff member to a lower-titled, previously held tenured classroom teaching position" since the enactment of the TEHL. Id. at 427. The court found the trial court's reliance on Fulcomer and Linden misplaced because Fulcomer dealt with a dispute prior to the

6

TEHL and thus did not involve an arbitrator while <u>Linden</u> concerned an arbitrator's decision under a collective bargaining agreement not present here. <u>See</u> <u>id.</u> at 427-28 (discussing <u>Fulcomer</u>, 93 N.J. Super. at 421-22, and <u>Linden</u>, 202 N.J. at 270-71). The appellate court also found an unpublished Appellate Division decision discussed by the trial court to be inapplicable. <u>Ibid.</u>

The Appellate Division concluded that because the Legislature "chose not to include demotion as a penalty for a teaching staff member, an arbitrator has no authority to impose that form of disciplinary action." <u>Id.</u> at 429.

The Board petitioned for certification, asking us to review (1) whether N.J.S.A. 18A:6-10 and -16 limit an arbitrator's authority in setting a penalty to either a dismissal or a reduction in pay in general and (2) if so, whether the arbitrator in this case should be able to reconsider termination. We granted the petition. 254 N.J. 90 (2023). We also granted leave to the New Jersey Education Association (NJEA) and the New Jersey Principal and Supervisors Association (NJPSA) to appear as amici curiae.

II.

The Board argues that the Appellate Division erred in vacating the arbitrator's decision demoting Sanjuan to a tenured teaching position because N.J.S.A. 18A:6-16 does not restrict an arbitrator's options to "dismissal" or "a reduction in salary." The Board further contends that the plain language of the

7

statute "places absolutely no restriction" on an arbitrator's ability to fashion an appropriate remedy, but rather provides conditional language which relates to whether the matter may be transmitted to arbitration. Alternatively, the Board asserts that if this Court finds that the statute limits the arbitrator's available penalties, the case should be remanded so that the arbitrator can reconsider whether Sanjuan should be terminated.

Amicus the NJEA supports the Board and argues that the Appellate Division's decision should be reversed because it contravenes (1) the statute's plain meaning, the Legislature's intent, and decades of tenure law; (2) precedent affording arbitrators wide discretion in public sector arbitrations; and (3) the notion of progressive discipline.

Amicus the NJPSA also joins the Board and the NJEA, arguing that the Appellate Division's ruling should be reversed because the decision (1) imposes additional constraints on an arbitrator's remedial authority that the Legislature did not authorize and (2) conflicts with the longstanding interpretation of the state's tenure laws.

Sanjuan argues that, based on the language of N.J.S.A. 18A:6-16, the Appellate Division properly determined that the arbitrator exceeded his authority by demoting her. She posits that the Appellate Division was not

8

required to look past the provision's plain language and that the relevant case law supports the Appellate Division's interpretation.

Sanjuan further asserts that, on remand, the doctrine of collateral estoppel precludes the arbitrator from reconsidering termination because the arbitrator already had an opportunity to consider that punishment and chose not to implement it.

## III.

## A.

Because the TEHL governs proceedings on disciplinary charges against tenured school administrators and teachers, we begin our discussion with a brief review of the statute, both before and after its amendment by the Teacher Effectiveness and Accountability for the Children of New Jersey Act (TEACHNJ), N.J.S.A. 18A:6-117 to -129. In doing so, we are mindful that questions of statutory interpretation are reviewed de novo, and our aim is "to effectuate the Legislature's intent." W.S. v. Hildreth, 252 N.J. 506, 518-19 (2023). The best evidence of such intent "is the statutory language," read in accordance with its "ordinary meaning and significance and . . . in context with related provisions so as to give sense to the legislation as a whole." Ibid. (first quoting State v. Lane, 251 N.J. 84, 94 (2022); and then quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).

9

"[W]hen a literal interpretation of individual statutory terms or provisions would lead to results inconsistent with the overall purpose of the statute, that interpretation should be rejected." In re Civ. Commitment of W.W., 245 N.J. 438, 449 (2021) (internal quotation marks omitted) (quoting Hubbard v. Reed, 168 N.J. 387, 392-93 (2001)). If we determine that an "ambiguity in the statutory language . . . leads to more than one plausible interpretation, we may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'" DiProspero, 183 N.J. at 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)).

## B.

In 1967, the Legislature enacted the TEHL to replace the Tenure Employees Hearing Act. L. 1967, c. 271. The TEHL originally provided that if the Commissioner of Education determined that a tenure charge was "sufficient to warrant dismissal or reduction in salary of the person charged," then the Commissioner would conduct a hearing. See ibid. In 1998, the Legislature amended the statute to mandate a hearing before an Administrative Law Judge (ALJ) if the Commissioner deemed the charges sufficient. L. 1998, c. 42, § 2. The TEHL did not set forth the penalties that could be imposed for charges sufficient to warrant dismissal or reduction in salary.

10

In 2012, the Legislature amended the TEHL with the passage of TEACHNJ. L. 2012, c. 26. Today, "[p]ursuant to TEACHNJ, the agency review process no longer exists," and instead, contested cases must be submitted to arbitration. Pugliese v. State-Operated Sch. Dist. of Newark, 440 N.J. Super. 501, 510 (App. Div. 2015).

N.J.S.A. 18A:6-10 provides that no tenured employee of the public school system "shall be dismissed or reduced in compensation . . . except for inefficiency, incapacity, unbecoming conduct, or other just cause." Charges made against tenured employees must be filed by the complainant with the appropriate board of education, which then determines "whether there is probable cause to credit the evidence in support of the charge and whether such charge, if credited, is sufficient to warrant a dismissal or reduction of salary." N.J.S.A. 18A:6-11. If the board answers both questions in the affirmative, "then it shall forward such written charge to the [C]ommissioner [of Education] for a hearing pursuant to N.J.S.A. 18A:6-16, together with a certificate of such determination." Ibid. If, in turn, the Commissioner finds that the charges are "sufficient to warrant dismissal or reduction in salary of the person charged, [the Commissioner] shall refer the case to an arbitrator pursuant to" N.J.S.A. 18A:6-17.1 for further proceedings. N.J.S.A. 18A:6-16.

11

The statute's "if x, then y" structure -- if the Commissioner determines the charges are "sufficient to warrant dismissal or reduction in salary," then the Commissioner "shall refer the case to an arbitration" -- is a common format for imposing a condition. See Black's Law Dictionary 366 (11th ed. 2019) (giving, as an example of a "condition," the following: "if Jones promises to pay Smith $500 for repairing a car, Smith's failure to repair the car relieves Jones of the promise to pay" (emphasis added)).

Thus, TEACHNJ limited the contested cases that may be submitted to arbitration by the Commissioner to those in which the charges are "sufficient to warrant dismissal or reduction in salary of the person charged" -- but it did not set forth the penalties that could be imposed by an arbitrator to whom a matter is referred. Indeed, the Sponsors' Statement to TEACHNJ does not signal any substantive change to the review of contested tenure cases, only the procedural change of submitting cases to arbitration rather than agency review:

> This bill will also require binding arbitration for contested cases involving the dismissal or reduction in compensation of tenured employees of a school district. These contested cases will no longer be referred to [ALJs], and the final determination on the case will no longer be made by the Commissioner of Education, which is the process under current law. . . . The Commissioner of Education will continue to determine whether or not there is a contested case.
>
> [Sponsors' Statement to A. 3060 (June 14, 2012).]

12

Although the TEACHNJ amendments to the TEHL changed the entity that makes the final determination in a case, it did not make any changes as to what could or should be the final determination. Arbitrators have the same discretion to impose penalties under the post-TEACHNJ version of the TEHL as did the hearing officer under the pre-amendment version of the statute.

C.

This Court reviews decisions on motions to vacate an arbitration award de novo. See Yarborough v. State-Operated Sch. Dist. of Newark, 455 N.J. Super. 136, 139 (App. Div. 2018). However, in reviewing a motion to vacate an arbitration decision, as is the case here, we must be mindful of New Jersey's "strong preference for judicial confirmation of arbitration awards." Middletown Twp. PBA Loc. 124 v. Township of Middletown, 193 N.J. 1, 10 (2007) (quoting N.J. Tpk. Auth. v. Loc. 196, IFPTE, 190 N.J. 283, 292 (2007)).

In this appeal, our review is further circumscribed by the TEHL's specific provisions stating that an "arbitrator's determination shall be final and binding and may not be appealable to the [C]ommissioner or the State Board of Education. The determination shall be subject to judicial review and enforcement as provided pursuant to N.J.S.A. 2A:24-7 through N.J.S.A.

2A:24-10."  N.J.S.A. 18A:6-17.1(e).  Under the referenced statutes, a court

"shall vacate" an arbitrator's award:

> a. Where the award was procured by corruption, fraud or undue means;
>
> b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
>
> c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
>
> d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
>
> [N.J.S.A. 2A:24-8.]

"'[L]imits to the arbitrator's authority . . . are defined by statute, N.J.S.A. 2A:24-8,' as well as 'by the questions framed by the parties in a particular dispute.'"  Bound Brook Bd. of Educ. v. Ciripompa, 228 N.J. 4, 12 (2017) (alteration and omission in original) (quoting Loc. No. 153, Off. & Pro. Emps. Int'l Union, AFL-CIO v. Tr. Co. of N.J., 105 N.J. 442, 449 (1987)).

In deciding whether the arbitrator here exceeded his authority or imperfectly executed his power, as Sanjuan alleges, we must review whether the "arbitrator's award '[was] consonant with the matter submitted. Otherwise, the determination is contrary to the authority vested in him.'"  Ibid.

14

(quoting Grover v. Universal Underwriters Ins. Co., 80 N.J. 221, 231 (1979)).

"This particular claim of error implicates subsection (d) of N.J.S.A. 2A:24-8."[1]

Ibid.

IV.

We apply the above principles to the present appeal to determine whether N.J.S.A. 18A:6-16 constrains the arbitrator to consider only the penalties of "dismissal or reduction in salary of the person charged." If so, the arbitrator here exceeded his authority by imposing a demotion instead of termination, and the award is subject to vacatur under N.J.S.A. 2A:24-8.

We first reiterate that the statute imposes a condition on the Commissioner -- namely that if the Commissioner finds that the charges are "sufficient to warrant dismissal or reduction in salary," then the Commissioner

---

[1] Sanjuan does not specifically state under which subsection of N.J.S.A. 2A:24-8 she challenges the arbitrator's award. She alleges "[n]either counsel ever suggested to the arbitrator that he had the authority to demote [her] nor that he could remove her tenure as an [a]dministrator and allow her to retain her tenure as a [t]eacher." The trial court discussed a challenge under N.J.S.A. 2A:24-8(a), which provides that an award may be vacated "[w]here the award was procured by corruption, fraud or undue means." "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record." Borough of E. Rutherford v. E. Rutherford PBA Loc. 275, 213 N.J. 190, 203 (2013) (alteration in original) (quoting Off. of Emp. Rels. v. Commc'ns. Workers of Am., 154 N.J. 98, 111 (1998)). Although N.J.S.A. 2A:24-8(a) may be related to the present inquiry, we instead construe Sanjuan's argument as a challenge pursuant to N.J.S.A. 2A:24-8(d).

15

"shall refer the case to an arbitrator." That construction sets forth the conditions under which a matter must be referred to arbitration by the Commissioner; it does not set forth, limit, or in any way address the penalties that may be imposed by an arbitrator to whom a matter is referred.

If the Legislature had wanted to limit the possible penalties that a tenured employee could face under the amended statute, it could have done so. Instead, the Legislature included in the TEHL only the conditional "if x, then y" jurisdictional trigger of N.J.S.A. 18A:6-16 that informs the Commissioner when a case must be submitted to binding arbitration. Although the legislation limits the cases that reach the arbitrator, it does not limit the remedies available to the arbitrator. And that remains the case even after the 2012 TEACHNJ amendments to the TEHL, under which the arbitrator's discretion was not circumscribed despite the change in the person to whom the contested charge is submitted. See N.J.S.A. 18A:6-16; Sponsors' Statement to A. 3060.

Cases applying the TEHL have accordingly recognized the broad discretion of hearing officers and arbitrators to fashion an appropriate remedy when imposing a penalty for tenure charges. We note that cases decided before the TEACHNJ amendments to the TEHL are as pertinent to our analysis as post-amendment cases because the relevant statutory language did not change.

16

In County College of Morris Staff Ass'n v. County College of Morris, we "assumed" that if the arbitrator in that case had concluded that the charged offenses did "not rise to a level of misconduct that constitute[d] just cause for discharge[,] . . . the proper remedy would have been a disciplinary penalty less severe than that of discharge." 100 N.J. 383, 393-94 (1985) (emphasis added). That case -- unlike the case before us -- was governed by the terms of a contract between the college and its staff; the contract included a "provision that prohibited [the arbitrator] from adding to, altering, or modifying the parties' agreement." Id. at 385-86, 393. For that reason, we concluded that the arbitrator exceeded his authority in deviating from the contract when, upon finding just cause for discharge, he nevertheless imposed a lesser penalty. Id. at 393-94, 397. We clarified that the arbitrator's authority to impose a lesser penalty was circumscribed both by his finding of just cause and by the contractual terms mandating discharge upon that finding, but we stressed "that the option of imposing some lesser penalty was available under appropriate circumstances," regardless of the fact "that the parties' contract did not provide specifically for discipline short of discharge." Ibid.

In County College, we thus recognized the broad discretion of arbitrators in deciding remedies in the absence of limiting contractual provisions. Id. at 398. We similarly acknowledged that discretion in Linden, in which we

17

reinstated an arbitral imposition of unpaid suspension rather than termination because neither the terms of the parties' collective negotiating agreement nor the questions posed to the arbitrator "limited the power of the arbitrator" to decide what remedy would be appropriate if he did not find just cause to terminate. 202 N.J. at 270-71, 277, 283. As did County College, Linden involved an agreement between the parties -- absent here -- that could limit an arbitrator's discretion. Id. at 272. And we again noted that, in the absence of such a contractual limitation, the arbitrator had broad discretion to fashion the appropriate remedy. Id. at 281.

That discretion is evident as well in cases that did not reach the courts after final decisions by the Commissioner. For example, the administrative proceedings in In re Tenure Hearing of McCormick are informative. In McCormick, the Hunterdon Board of Education filed tenure charges against Paul McCormick, an English teacher, seeking his demotion for failure to perform assigned cafeteria duties and insubordination. See EDU 166-6/78, 1 New Jersey School Law Decisions 1980 149-50 (initial decision, Jan. 14, 1980). Finding the charges to be true, the ALJ decided that McCormick should "forfeit his tenure as Department Chairman, or Supervisor" but "retain tenure and all seniority as a teaching staff member." Id. at 153. The Commissioner affirmed the ALJ's findings and adopted them, concluding that

18

the ALJ properly determined that "a penalty tailored to meet the circumstances of [the] case" was warranted.  Id. at 155 (final decision, Mar. 3, 1980).  Thus, the Commissioner in McCormick recognized that the adjudicator had wide discretion to fashion appropriate remedies.

In this case, the arbitrator similarly found that Sanjuan's conduct did not warrant her termination and instead only "justified a penalty less severe than" dismissal; he imposed precisely such a penalty.  County College is distinguishable because the arbitrator in that case found just cause for discharge but chose to impose a lesser penalty, contrary to the terms of the parties' agreement.  Although Linden likewise featured a contractual agreement not present here, it nevertheless supports the proposition that when an arbitrator does not find "just cause" for termination and is not limited by an agreement forged between the parties, the arbitrator has latitude to fashion an appropriate remedy -- such as termination of an administrative position without backpay.  202 N.J. at 270-71.

Because N.J.S.A. 18A:6-16 does not limit the possible penalties to reduction in salary and termination and no contractual agreement sets limits beyond those imposed by the TEHL, and in keeping with the broad discretion to fashion remedies long recognized in decisional law, we find that the arbitrator here did not exceed his powers in demoting Sanjuan and instead

19

correctly determined a penalty tailored to this case.  We therefore reverse the decision of the Appellate Division and remand for reinstatement of the arbitrator's award demoting Sanjuan.  In light of our holding, we need not consider whether the arbitrator would be estopped from reconsidering his decision about termination if that were the only available remedy.

V.

For the reasons set forth above, the judgment of the Appellate Division is reversed and the arbitrator's award is reinstated.


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, PIERRE-LOUIS, WAINER APTER, and NORIEGA join in JUSTICE SOLOMON's opinion.  JUSTICE FASCIALE did not participate.

20